## CIRCUIT COURT OF HENRY COUNTY

Joseph A. York et al.

v.

Shelby M. Jarrell et al.

February 28, 1984

Case No. 83L-224

By JUDGE KENNETH M. COVINGTON

The demurrers and motions to dismiss the actions filed by Pamela and Harvey York, parents of young Joseph, require the Court to determine whether they may maintain a separate action for emotional distress. I believe the law is well settled in Virginia that such an action cannot be maintained unless the emotional distress results directly from a tortiously caused physical injury.

The exceptions that have been made to the above stated general rule are few. Those established in the cases of Hughes v. Moore, 214 Va. 27, and Womack v. Eldridge, 215 Va. 338, have no application to the factual setting at hand. However, the case of Naccash v. Burger, 223 Va. 406, is in many respects like the case at bar. Counsel for the plaintiffs makes a very persuasive argument as to why the court should find this case to be controlling and allow these actions to go forward. It is my judgment, however, that the element of direct injury to the parents, that was found to exist in the Naccash case, is not present under the plaintiffs' theory of these cases. The court found in Naccash that the erroneous Tay-Sacks report given the mother deprived her, and derivatively, the father, of the opportunity to accept or reject the

continuance of her pregnancy and birth of her fatally defective child, and that this constituted a direct injury. The erroneous report did not contribute to the condition of the child in any way. The child was not in any way injured by the report. The injury that occurred was independent of the child and was made directly against the parents. In the case at hand, it cannot be said that the injury was direct to the parents. Young Joseph, under the plaintiffs' theory, was a healthy fetus, and his present condition results from the alleged negligence of the defendants inflicted upon him in the birth process. The emotional distress suffered by his parents results indirectly to them from his injury. It is because of his injury that they suffered emotional distress. Under my interpretation of the holding in Naccash, the failure of the court to find a direct injury to the parents would prevent them from maintaining these separate actions. For this reason, the demurrers and motion to dismiss the emotional distress claims must be sustained.